C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

VALERIE SEELEY,

                Petitioner,

      -against-

ADA PEREZ,

                Respondent.
------------------------------------------------------------------ X

NOT FOR PUBLICATION

**MEMORANDUM
DECISION AND ORDER**

06 Civ. 1918 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 28 2007 ★

P.M. _____
TIME A.M. _____

**COGAN, District Judge.**

I assume familiarity with the facts underlying this petition for a writ of habeas corpus under 28 U.S.C. §2254. Petitioner's papers, both the petition and the reply, are difficult to decipher, although I have made every effort to view them broadly in light of petitioner's *pro se* status. It is apparent that the petitioner has not exhausted any of the claims in state court. Indeed, petitioner has never raised them in state court. Petitioner appears to have a §440 motion presently pending in state court (filed after commencement of this proceeding), but that §440 motion, as discussed below, raises two additional claims, neither of which are set forth in the petition here.

Although the failure to exhaust would itself be a sufficient ground to dismiss the petition, see 28 U.S.C. §2254(b)(1)(A), each of the claims is also without merit. They can be distilled into seven issues, and this Court will address the merits of each separately.

1. The State called a forensic psychologist to testify in rebuttal to petitioner's battered woman defense that petitioner did not meet the criteria for the defense. Here, petitioner asserts that the witness was not an expert because she had not studied women such as petitioner who were from socio-economically deprived strata of society. The argument is without merit. Factually, the witness was well qualified, holding a doctorate in child psychology, having publications, professional memberships, and thirty years of experience in forensic psychology. Legally, the trial court had broad discretion to allow this testimony, see Estelle v. McGuire, 502 U.S. 62, 68, 112 S.Ct. 475 (1991). There is no due process issue here.

2. Petitioner objects to the testimony of her own expert as focusing too much on battered women generally and not on her specifically. This claim is simply not a constitutional one, and is therefore not subject to habeas review.

3. Petitioner claims that the State tampered with the victim's daughter's 911 call to "dampen" petitioner's voice on the call. There is no evidence that this occurred.

4. Petitioner asserts that police failed to give her Miranda warnings when they responded to the call at the apartment. The record of the suppression hearing shows that petitioner was not in custody when she made her statements and that she spoke spontaneously, not as a result of interrogation. Therefore, Miranda warnings were not required. See Thompson v. Keohane, 516 U.S. 99, 102, 116 S.Ct. 457 (1995).

5. Although petitioner's fifth point is not entirely clear, it appears to be an ineffective assistance of appellate counsel claim for not having raised the failure

to give <u>Miranda</u> warnings. This claim fails both because <u>Miranda</u> warnings were not required at the time and because appellate counsel is not obligated to raise every point, especially those without merit. See <u>Clark v. Stinson</u>, 214 F.3d 315, 322 (2d Cir. 2000) (citing <u>Jones v. Barnes</u>, 463 U.S. 745, 754, 103 S.Ct. 3308 (1983)).

6. Petitioner asserts that a police officer forged her signature to a statement. This claim is a factual dispute and has no support in the record of the suppression hearing. The police officer at the suppression hearing testified clearly that he wrote out petitioner's statement and she signed it. Petitioner has offered no evidence to overcome the presumption of correctness afforded the suppression court's factual findings. See 28 U.S.C. §2254(e).

7. The final claim also appears to be an ineffective assistance of counsel claim based on trial counsel's failure to raise battered women's syndrome. The problem with this claim is that trial counsel did raise it, but petitioner is unhappy with the expert he called. This defense did not fail due to any deficiency in trial counsel's performance, but rather it failed because the overwhelming evidence showed that petitioner attacked the victim for reasons other than self-defense. Trial counsel's performance on this defense was reasonable and effective.

One further point on this case bears mention. By Notice of Motion filed July 17, 2006, petitioner requested a stay of this case so that she could pursue exhaustion in the state court. This Court assumed, although the motion did not say, that the grounds she wished to assert in state court were the same as those asserted in her petition. The Court denied the motion to stay because petitioner had failed to demonstrate that she met the

requirements of Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005). Nevertheless, in light of her *pro se* status and difficulty in articulating her positions, this Court directed her to file a copy of her §440 motion so that the Court could determine whether reconsideration of that issue might be appropriate. She has filed it, and reconsideration is not warranted. As noted above, the grounds she raises in the §440 petition are entirely distinct from the grounds she raises here. Her §440 motion makes two points: (1) her indictment, by alleging counts for both intentional murder and depraved indifference murder, was inconsistent, and thus her conviction on both counts requires the vacature of one; and (2) the jury should have been charged on lesser included offenses.

Even if the instant case presented a "mixed" petition instead of one containing only unexhausted claims, it would be a futile gesture to wait for the state courts to resolve this §440 motion. These are both claims based upon the trial record, and could have been raised on direct appeal. New York law would therefore treat them as procedurally barred, see N.Y. C.P.L. § 440.10(2)(c) (McKinney 1994) (no collateral review if claims could have been raised on direct appeal), and this Court would have to concur with that determination unless petitioner could show cause for the failure to appeal, and prejudice or deprivation of a fundamental right. See Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497 (1977)). Petitioner has provided no indication that she could meet these requirements. Moreover, neither of the claims raises federal constitutional issues.

## CONCLUSION

The petition is denied. The Clerk is directed to enter judgment in favor of respondent. Petitioner has failed to make a substantial showing of the denial of a

4

constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. §2253(c)(2).

**SO ORDERED.**

Dated: Brooklyn, New York
August 27, 2007

_____
U.S.D.J.