UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
VALERIE SEELEY,

                         Petitioner,

     -against-

ADA PEREZ,

                         Respondent.
----------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

06 Civ. 1916 (BMC)

**COGAN**, District Judge.

Petitioner seeks to bring an additional petition for habeas corpus under 28 U.S.C. § 2254, her first one having been dismissed by this Court on August 27, 2007. For the reasons set forth below, petitioner's motion is deemed to be a petition for habeas corpus relief, and is dismissed.

## BACKGROUND

On March 31, 2003, a Kings County jury convicted petitioner of depraved indifference murder for the stabbing death of her boyfriend. Petitioner was sentenced to 19 years to life in prison and is currently incarcerated at the Bedford Hills Correctional Facility in New York. The Appellate Division affirmed her conviction on December 20, 2005, and the New York Court of Appeals denied leave to appeal on January 7, 2005. Petitioner timely filed her § 2254 petition for a writ of habeas corpus on February 23, 2006. She subsequently made a motion to vacate the judgment against her under N.Y. Crim. P. Law § 440.10, which the New York Supreme Court denied on May 8, 2007, and the Appellate Division denied leave to appeal on August 20, 2007. Petitioner made a motion for a writ of error coram nobis, which the Appellate Division denied on

October 30, 2007. The New York Court of Appeals denied leave to appeal the coram nobis motion on February 15, 2008.

In a Memorandum Decision and Order issued August 27, 2007, this Court denied petitioner's habeas corpus petition after finding her claims to be without merit. Petitioner applied for a certificate of appealability from the Second Circuit, which was denied in a mandate issued February 28, 2008.

By papers dated February 25, 2008, petitioner sought permission from the Second Circuit to file additional habeas corpus claims. Petitioner asserted: (1) the evidence presented at trial was legally insufficient to establish depraved indifference murder because the murder was a one-on-one stabbing; (2) ineffective assistance of trial counsel for failing to preserve the first claim for appellate review; and (3) ineffective assistance of appellate counsel for failing to raise these claims on appeal. Because the mandate denying petitioner's certificate of appealability had not yet issued at the time she filed her motion for a successive habeas petition, the Second Circuit denied petitioner's application as "unnecessary." Citing Whab v. U.S., 408 F.3d 116 (2d Cir. 2005), the Second Circuit transferred petitioner's application to this Court "for whatever further action the district court finds appropriate, as if it has been filed directly in the district court."

## DISCUSSION

Petitioner asks the Court to view her motion as one for a new § 2254 petition asserting these three new claims. Respondent, on the other hand, urges the Court to construe petitioner's motion as a motion to amend her original habeas petition and deny amendment because the new claims are untimely. The Court agrees with petitioner. The Court has already dismissed petitioner's original petition, and the Second Circuit has denied her a certificate of appealability. Thus, there is nothing pending before this Court for petitioner to amend. See, e.g., Breeden v.

2

Ercole, No. 06 CV 3860, 2007 WL 3541184, *1 (E.D.N.Y. Nov. 14, 2007) ("[B]ecause the Second Circuit ultimately denied a certificate of appealability, the two petitions will not be before this Court simultaneously . . . this Court need not treat the instant petition as a motion to amend the prior petition."); Palmer v. Phillips, No. 05 Civ. 9894, 2007 WL 60419, *2 (S.D.N.Y. Jan. 8, 2007) ("The instant petition was filed [four days] before the Second Circuit denied him a COA on his first petition . . . The instant petition need not be considered a motion to amend the earlier petition, which is not before this Court."). The Court will therefore address petitioner's claims on the merits as a new petition.[1]

### 1. Petitioner's One-on-One Claim is Procedurally Barred

Petitioner first claims that the evidence presented at trial was insufficient to establish depraved indifference murder, essentially asserting that the Court should analyze her conviction in light of a post-conviction shift in the New York depraved indifference standard. The controlling law at the time of petitioner's conviction, reflected in People v. Register, 60 N.Y.2d 270 (1983) and People v. Sanchez, 98 N.Y.2d 373 (2002), held that a defendant could be convicted of depraved indifference murder in a one-on-one killing where the defendant acted recklessly (i.e., not intentionally) in harming the victim, but committed the crime under circumstances evidencing an indifference to or disregard of the risks attending his conduct. E.g., Register, 60 N.Y.2d at 274; Sanchez, 98 N.Y.2d at 378. Depraved indifference was not a

---

[1] Although the Court adopts petitioner's construction of her motion, the disposition would be the same even if the Court construed the motion as one to amend. As respondent argues, these additional claims were available to petitioner on direct appeal, and consequently should have been raised in her original habeas petition. Petitioner thus had until April 7, 2006 – one year and ninety days after the Court of Appeals denied leave to appeal the conviction – to assert these claims, and they are untimely asserted now. Under Fed. R. Civ. P. 15(c)(2), which governs a motion to amend, petitioner may only add these untimely claims if they relate back to the original petition. See Mayle v. Felix, 545 U.S. 644, 654-55 (2005). Relation back requires that new claims arise from "the same core facts as the timely filed claims" and not differ from those claims in time or type. Id. at 657. Amendment is not allowed simply because the new claim arose from "the same trial, conviction, or sentence" as the timely-filed claim. Id. at 664. Here, petitioner's new claims do not arise from the same core set of facts as any of her original claims. The Court would therefore deny a motion to amend.

3

subjective mental state in itself, but rather an objective characterization of the degree of risk surrounding defendant's actions. See Register, 60 N.Y.2d at 276-78. Under this standard, a one-on-one attack with a deadly weapon during an argument was deemed to present such an inherent risk of causing harm to the victim that it "readily [met] the level of manifested depravity needed to establish murder." Sanchez, 98 N.Y.2d at 378.

Subsequent cases, including People v. Hafeez, 100 N.Y.2d 253 (2003), People v. Gonzales, 1 N.Y.3d 464 (2004), People v. Payne, 3 N.Y.3d 266 (2004), and People v. Suarez, 6 N.Y.3d 202 (2005), have reflected a shift in the depraved indifference standard to require that a defendant exhibit a specific mental state beyond recklessness and the inherent depravity involved in taking the life of another. Suarez, 6 N.Y.3d at 208, 213-14. As a result, New York courts now require that a defendant's conduct manifest "an utter disregard for the value of human life," Suarez, 6 N.Y.3d at 214, and the Register / Sanchez standard "no longer support[s] most depraved indifference murder convictions, particularly one-on-one shootings or stabbings." People v. Feingold, 7 N.Y.3d 288, 294 (2006) (overruling Register and Sanchez and establishing depraved indifference as a *mens rea*). Indeed, as the Suarez court noted, an unintentional one-on-one killing now meets the requisite mental state for depraved indifference only where the defendant's conduct is "marked by uncommon brutality," such as where a defendant "abandons a helpless and vulnerable victim in circumstances where the victim is highly likely to die" or "engages in torture or a brutal, prolonged and ultimately fatal course of conduct against a particularly vulnerable victim." 6 N.Y.3d at 211-13. Relying on this post-Sanchez language, petitioner contends that her conviction was improper.[2]

---

[2] The Court notes, as did the state court in denying petitioner's § 440.10 motion, that the Court of Appeals has declared that its overruling of Sanchez and Register does not apply retroactively. Policano v. Herbert, 7 N.Y.3d 588, 601-02 (2006).

4

Petitioner also raised this claim in her § 440.10 motion. There, the New York State Supreme Court rejected it under N.Y. Crim. P. Law § 440.10(2)(c), because the trial record indicated that petitioner's counsel moved to dismiss the depraved indifference charge on grounds that the prosecution had not made out its prima facie case. (Decision and Order, May 8, 2007, at 3). Thus, the state court found that the one-on-one claim was available to petitioner on direct appeal and should have been raised at that time. (Id.) This is an independent and adequate state procedural ground to reject petitioner's argument, and this Court must concur with the state court's determination unless petitioner can show cause for the failure to appeal, and prejudice or deprivation of a fundamental right. See Clark v. Perez, 510 F.3d 382, 390-93 (2d Cir. 2007); Bossett v. Walker, 41 F.3d 825, 828-29 (2d Cir. 1994). Petitioner has made no such showing of cause, prejudice, or deprivation here; therefore, this Court cannot consider her one-on-one claim.

### 2. Petitioner's Ineffective Assistance of Trial Counsel Claim is Meritless

Petitioner next asserts an ineffective assistance of trial counsel claim based on counsel's failure to preserve her one-on-one argument, which she also raised in her § 440.10 motion. In analyzing this assertion, the Court must determine whether the state court's determination on this claim was contrary to, or an unreasonable application of, the ineffective assistance standard set forth in Strickland v. Washington, 466 U.S. 668, 686 (1984). See Williams v. Taylor, 529 U.S. 362, 384-85, 391 (2000). Under Strickland, the appropriate inquiry is whether petitioner had "reasonably effective assistance" of counsel, such that counsel's actions neither (1) fell below an objective standard of reasonableness; nor (2) caused a reasonable probability that the result of the trial would have been different but for counsel's unprofessional errors. 466 U.S. at 686-95.

The Court finds that the state court's rejection of this claim was neither contrary to, nor an unreasonable application of, the Strickland standard. As noted by the state court in denying

5

petitioner's § 440.10 motion, her counsel made an oral motion to dismiss based on the prosecution's failure to make out its prima facie case against her. (Decision and Order, May 8, 2007, at 3). Moreover, the evidence of depraved indifference murder was sufficient to convict petitioner under <u>Sanchez</u>, the controlling law at the time of conviction. Like the defendant in <u>Sanchez</u>, found guilty of depraved indifference murder after shooting his victim in the chest at point-blank range during an argument, petitioner stabbed her boyfriend in the chest and back during an argument. Both cases involved conduct that "appeared to have been sudden, spontaneous and not well-designed to cause imminent death." <u>Sanchez</u>, 98 N.Y.2d at 377. It was not unreasonable for petitioner's trial counsel to assume that the evidence presented at trial was sufficient to convict petitioner under <u>Sanchez</u> and decide not to specifically preserve her one-on-one claim for appeal. Petitioner's claim for ineffective assistance of trial counsel is meritless.

### 3. Petitioner's Ineffective Assistance of Appellate Counsel Claim is Meritless

Lastly, petitioner asserts a claim for ineffective assistance of appellate counsel based on counsel's failure to raise either her one-on-one claim or her ineffective assistance of trial counsel claim on appeal, a claim she made in her coram nobis motion to the Appellate Division. The Court again must analyze whether the state court's adjudication of this claim was contrary to, or an unreasonable application of, the <u>Strickland</u> standard. <u>Smith v. Robbins</u>, 528 U.S. 259, 285-88 (2000). The Court must also analyze the state court's determination in light of <u>Jones v. Barnes</u>, 463 U.S. 745 (1983), which held that to be effective, appellate counsel is not required to raise every non-frivolous claim that a defendant wants raised. <u>Id.</u> at 753-54.

Again, the Court concludes that the Appellate Division's rejection of this claim was neither contrary to, nor an unreasonable application of, <u>Strickland</u> and <u>Jones</u>. Petitioner's

appellate counsel submitted an affidavit to the Appellate Division in response to the coram nobis petition, stating that he did not raise the claims on appeal because (1) the one-on-one claim was unpreserved for appellate review; (2) the evidence of petitioner's mental state at the time of the stabbing was conflicting; and (3) Sanchez – which had affirmed a depraved indifference murder for a one-on-one killing – was the controlling law at the time of conviction. (Affirmation of John Gemmill, Aug. 17, 2007, at ¶¶ 12-14). Given these reasons, the Court agrees with the Appellate Division's conclusion that petitioner failed to establish her ineffective assistance claim. Petitioner's claim for ineffective assistance of appellate counsel is meritless.

## CONCLUSION

For the reasons stated above, petitioner's habeas corpus petition is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. 28 U.S.C. § 2253. Further, I certify that any appeal from this Order would not be taken in good faith. *See* 28 U.S.C. § 1915(a); Coppedge v. U.S., 369 U.S. 438, 444 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
August 26, 2008

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.